**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter John Cox, Jr., | No. CV-17-00596-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Carla Hacker Agnew, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Walter John Cox, Jr.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). Magistrate Judge John Z. Boyle issued a Report and Recommendation (R&R) in which he recommends that the Court deny the motion. (Doc. 20). Petitioner filed objections to the R&R. (Doc. 21). Because objections have been filed, the Court will review the record on all relevant matters *de novo*. Also before the Court is Petitioner's Motion for Brady Material. (Doc. 25). For the following reasons, the Court accepts the R&R, denies and dismisses the petition with prejudice, and finds the Motion for Brady Material moot.

## BACKGROUND

On Aril 8, 2015, Petitioner was convicted by a jury in the Maricopa County Superior Court of burglary in the second degree. A witness had noticed two men carrying items over his neighbor's fence and putting them into a parked van. Officers arrived at the scene and apprehended the two men, one of whom was the Petitioner. The van was searched and found to have a dresser and some loose metal in it. The officers noticed that

1    there was a broken window in the house and that the back door was open. Petitioner was

2    sentenced to twelve years in prison.

3         Petitioner filed an untimely notice of appeal on June 29, 2015. After the Arizona

4    Court of Appeals ordered dismissal of the appeal, Petitioner filed a notice of post-

5    conviction relief (PCR) seeking permission to file a delayed appeal. The PCR court

6    granted Petitioner's request, and Petitioner filed a notice of appeal on December 17,

7    2015. Petitioner's counsel determined that there were no colorable claims and filed an

8    opening brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Petitioner filed a

9    supplemental *pro se* brief raising over a dozen issues. (Doc. 12, Ex. L). These issues

10   included arguments that there was newly discovered evidence, ineffective assistance of

11   counsel, that the homeowner-victim gave conflicting testimony and suffered from

12   Alzheimer's disease, that police officers falsified reports, and that the prosecutor used

13   fake photos of the crime scene taken two years after the robbery during trial. The Court

14   of Appeals affirmed the conviction, finding that there was sufficient evidence for a jury

15   to have found the Petitioner guilty. The Court of Appeals did not address Petitioner's

16   claims of ineffective assistance of counsel or newly discovered evidence; instead, the

17   Court of Appeals directed Petitioner to raise those claims in a PCR proceeding. Petitioner

18   did not file for review in the Arizona Supreme Court. On April 24, 2017, Petitioner filed

19   a Notice of Post-Conviction Relief. Petitioner was appointed counsel, who determined on

20   September 5, 2017, that a review of the record resulted in his conclusion that there was

21   no basis in fact for PCR proceedings. Petitioner filed a *pro se* petition on October 27,

22   2017. The PCR petition raised over a dozen grounds for relief, most of which were

23   substantially similar to the issues raised on direct appeal. The trial court denied the PCR

24   petition on April 27, 2018. Petitioner did not file for review in the Court of Appeals.

25        This federal habeas petition brought under 28 U.S.C. § 2254 was timely filed on

26   February 21, 2017. Petitioner raises four grounds: (1) ineffective assistance of counsel;

27   (2) due process violation for the State's failure to turn over all discovery to Petitioner; (3)

28   falsification of evidence against Petitioner by the prosecution and law enforcement; and

(4) witness testimony during trial which should have been impeached. (Doc. 1).

**DISCUSSION**

**I.    Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court may not grant habeas relief unless Petitioner has exhausted his claims in state court, there is an absence of available state corrective process to exhaust the claim, or circumstances exist which render the state process ineffective to protect Petitioner's rights. 28 U.S.C. § 2254(b)(1).[1] Nor may the Court grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). If a petitioner files timely objections to the magistrate judge's R&R, the district judge must make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**II.   Analysis**

Petitioner files multiple objections to the Magistrate Judge's R&R. First, the Petitioner requests the Court to ignore his "improper inclusion of the 6th amendment and adjudicate on the meritorious points argued in Ground 2, 3, 4." (Doc. 21, p. 2). The R&R

---

[1] The Court, however, may deny the claim on the merits even if it is unexhausted. 28 U.S.C. § 2254(b)(2); *see Duncan v. Walker*, 533 U.S. 167, 183 (2001) (J. Souter concurring) (stating that the "AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims").

1    found that Petitioner had procedurally defaulted an ineffective assistance of counsel

2    claim by failing to raise the claim in PCR proceedings as required. (Doc. 20, pp. 9–10).

3    After the R&R was issued, it was brought to this Court's attention that the Petitioner had

4    in fact filed for PCR review. The Court ordered additional briefing on the status of the

5    PCR review. (Doc. 29). Petitioner's PCR brief did raise the issue of ineffective assistance

6    of counsel. The PCR trial court found that this claim lacked merit. (Doc. 29, Ex. K).

7    Petitioner did not appeal this decision and the time for appeal has expired. Ariz. R. Crim.

8    P. 32.9(c)(1)(A). Therefore, Petitioner's claims are unexhausted and procedurally

9    defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991) ("This Court has long

10   held that a state prisoner's federal habeas petition should be dismissed if the prisoner has

11   not exhausted available state remedies as to any of his federal claims."). Petitioner seems

12   to argue that the Court should find the claims unexhausted by removing Petitioner's own

13   references to the Sixth Amendment. The Court will not modify Petitioner's habeas

14   petition in such a way. Moreover, Petitioner's claims are centered on the alleged

15   shortcomings of his attorney. The vehicle through which to make such claims is the Sixth

16   Amendment, and removing references to the Sixth Amendment does not change the fact

17   that Petitioner is raising Sixth Amendment claims. Later in his objections, the Petitioner

18   reasserts claims of ineffective assistance of counsel. (Doc. 21, p. 4). As noted above,

19   these claims are procedurally defaulted. Petitioner has not shown cause and prejudice to

20   excuse default. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

21        Next, the Petitioner asserts his actual innocence. *Murray v. Carrier*, 477 U.S. 478,

22   496 (1986) ("[W]here a constitutional violation has probably resulted in the conviction of

23   one who is actually innocent, a federal habeas court may grant the writ even in the

24   absence of a showing of cause of the procedural default."). Claims of actual innocence

25   "require[ ] petitioner to support his allegations of constitutional error with new reliable

26   evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

27   accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*,

28   513 U.S. 298, 324 (1995). Petitioner claims that he had been told by his co-defendant that

1  they had permission to be in the victim's home and to remove unwanted items and scrap

2  metal. (Doc. 21, p. 3). Petitioner asserts that his co-defendant, who pled guilty previously,

3  is supplying an affidavit stating that he only implicated the Petitioner to receive a

4  beneficial plea agreement. Petitioner, however, fails to supply this affidavit, and so has

5  provided no evidence for the Court to review. Petitioner also claims that the prosecution

6  introduced false evidence at trial. According to Petitioner, photographs of the home that

7  was burglarized were introduced at trial, but the photographs used post-dated the burglary

8  by multiple months. (Doc. 21, p. 5). Petitioner has provided no evidence to support this

9  assertion, but even if true, Petitioner has not shown how this resulted in harm during the

10  trial. On direct appeal, the Arizona Court of Appeals determined that there had been

11  sufficient evidence to support a conviction. (Doc. 12, Ex. A, pp. 3–4). Petitioner has

12  provided no new evidence to counter this finding and has not established actual

13  innocence.

14      Finally, Petitioner also filed a Motion for Brady Material. (Doc. 25). The State

15  filed a Notice of State Court ruling, whereby the Maricopa County Superior Court noted

16  that Petitioner has now been provided with all the trial documents and exhibits requested

17  by Petitioner. The Court therefore dismisses this Motion as moot.

18                                    **CONCLUSION**

19      Petitioner did not appeal the PCR court's rulings and his claims of ineffective

20  assistance of counsel are therefore unexhausted and procedurally defaulted. Petitioner has

21  not established cause and prejudice or actual innocence to excuse procedural default.

22  Petitioner's other complaints about the R&R are unsupported by evidence.

23      **IT IS THEREFORE ORDERED:**

24      1.  Magistrate Judge Boyle's R&R (Doc. 20) is **ACCEPTED**.

25      2.  The Petition for Writ of Habeas Corpus of Walter John Cox, Jr. (Doc. 1) is

26  **DENIED AND DISMISSED WITH PREJUDICE**.

27      3.  The Clerk of Court is directed to enter judgment accordingly.

28      4.  The Motion for Brady Material (Doc. 25) is **MOOT**.

5.      Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 5th day of June, 2018.

Honorable G. Murray Snow
United States District Judge